IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALFONSO CERVANTES REYES, | ) | CASE NO. 4:14-cv-01086 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| MICHAEL PUGH, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

## I. Introduction

Alfonso Cervantes Reyes ("Reyes" and "Petitioner"), a federal prisoner, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 on May 20, 2014, in order to challenge the calculation of his sentence by the Federal Bureau of Prisons ("BOP").  Doc. 1, Doc. 9 (hereinafter "Petition").  At the time he filed this case, Reyes was an inmate at a BOP facility in the Northern District of Ohio.[1]  On December 4, 2014, with leave of Court (Doc. 6, Doc. 7), Reyes filed documentary evidence (Doc. 9).  Thereafter, on December 8, 2014, the Court referred this matter to the undersigned for a report and recommendation.  Doc. 10.  On February 9, 2015, Respondent filed a Motion to Dismiss.  Doc. 13.   Reyes requested and received two extensions of time in which to file a response to Respondent's Motion to Dismiss (Doc. 14, Doc. 15, Doc. 16, Doc. 17) extending his  time for filing a response until June 15, 2015 (Doc. 17).  Notwithstanding the extensions of time, Reyes has not filed a response to the pending motion to

---

[1] At the time the petition was filed, Reyes was in the custody of the Federal Bureau of Prisons ("BOP") at its North Eastern Ohio Correctional Center ("NEOCC") facility in Youngstown, Ohio. Doc. 1. As of April 27, 2015, Reyes was relocated to CCA/E.D.C. in Eden, Texas. See Doc. 16. (Notice of Change of Address).

1

dismiss. Accordingly, pursuant to the Court's December 8, 2014, order of reference, the undersigned hereby issues the within Report and Recommendation.

Reyes is in custody of the BOP pursuant to a sentence imposed by the U.S. District Court for the Northern District of California in 2008. He asks this Court to find that the BOP has miscalculated his federal sentence and order the BOP to credit him with time he spent in state custody from January 10, 2005, through September 25, 2005, for probation violations. Reyes states that, in 2004 and early 2005, while he was on probation in the state of California, he was being investigated by the federal government for possible involvement in drug trafficking. He contends that the federal government shared this information with his probation officer and the state court. He believes that, had the federal government not shared that information, the state court would have continued his probation rather than sentencing him to concurrent 16-month state prison terms for his probation violations after his arrest by state authorities on January 10, 2005. On August 10, 2005, after the state court imposed the 16-month state prison term, Reyes was indicted in the United States District Court for the Northern District of California. On September 25, 2005, Reyes was paroled by state authorities to federal authorities. On November 12, 2008, the Northern District of California sentenced him to a 192-month federal term of imprisonment. Reyes states in his Petition, "I am now serving the sentence for that federal alleged crime. Since the period of time in dispute was the result of the same conduct for which I now serve time, being so closely related, my sentence must be credited." Doc. 1, p. 3.

As discussed more fully below, the undersigned finds that the time that Reyes spent in state custody from January 10, 2005, until September 25, 2005, may not be credited toward his current federal sentence because it was credited to state sentences. Therefore, the undersigned

finds Respondent's motion well-taken and recommends that the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Reyes's Petition **with prejudice**.

## II.    Facts

On February 1, 2002, Reyes was arrested by non-federal authorities and charged with Possession of a Narcotic Controlled Substance in Santa Clara Superior Court Case Number BB256262. Doc. 9-3, p. 2; Doc. 13-3, p. 4, ¶ a.  Reyes pleaded guilty to the charge on April 11, 2002, and was sentenced to "four months jail 'top/bottom CJ.'". Doc. 13-3, p. 4, ¶ b.  On March 21, 2003, Reyes was arrested and charged with Possession of a Controlled Substance for Sale in Santa Clara Superior Court Case Number BB300972. Doc. 9-3, p. 2; Doc. 13-3, p. 4, ¶ c.  Reyes entered a plea of nolo contendere and he was sentenced to "six months jail time top/bottom" on November 25, 2003. Doc. 13-3, p. 4, ¶ d.  On February 19, 2004, Reyes was sentenced to two years of probation in Case Number BB256262. Doc. 9-3, p. 1; Doc. 13-3, p. 15 (Documents/Records from the Santa Clara Superior Court Criminal Records Department).  On the same day, he was also sentenced to three years of probation and six months in jail. Doc. 9-2, p. 1; Doc. 13-3, p. 25.

On April 14, 2004, Reyes was sentenced to two years probation in Case Number BB256262, after being found to be in violation of his state probation.  Doc. 13-3, p. 4, ¶ f.  On November 4, 2004, Reyes's probation officer filed a Petition for Modification of Terms of Probation for violations of the terms of his probation in Cases BB256262 and BB300972.  Doc. 9-2, p. 1-3. The state court revoked Reyes's probation and "issued a Bench Warrant for failure to comply with Formal Probation." Doc. 9-3, p. 2.

On January 10, 2005, Reyes was arrested by non-federal authorities in Santa Clara County (Santa Clara Superior Court Case Number CC578013). Doc. 9-3, p. 4; Doc. 13-3, pp. 4-

3

5.  He was charged with several misdemeanors including: False Identification to a Peace Officer, Driving Without a License, Driving Under the Influence of Alcohol .08%, and Driving Under the Influence of Drugs or Alcohol. Doc. 9-3, p. 4; Doc. 13-3, pp. 4-5, ¶ h.

On January 20, 2005, Reyes appeared for arraignment on the probation violation and was remanded to custody as the case was continued.  Doc. 9-3, p. 3; Doc. 13-3, p. 5, ¶ i. Reyes's probation in both cases was revoked on March 2, 2005, and he was sentenced to 16 months of imprisonment in Santa Clara Superior Court Case BB256262 as well as 16 months of imprisonment Santa Clara Superior Court Case BB300972 to run concurrently. Doc. 9-2, p. 2; Doc. 13-3, p. 5, ¶ j; Doc. 13-3, pp. 17, 20.

Reyes was sentenced on March 3, 2005, to 30 days in jail in addition to one year in jail in connection with Santa Clara Superior Court Case Number CC578013.  Doc. 13-3, p. 5, ¶ k.

On August 10, 2005, while in state custody for the sentences imposed in March 2005, Reyes was indicted in the Northern District of California on charges of Conspiracy to Distribute 50 grams or more of Methamphetamine in violation of 21 U.S.C. 846 and 841(b)(1)(A)(viii) and Distribution of 50 grams or more of Methamphetamine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(viii). Doc. 9, p. 17; Doc.13-3, p. 38 (Indictment, Case No. CR 05-00516);. Doc. 13-3, p. 43 (Defendant Information Relative to a Criminal Action).

On August 15, 2005, the Northern District of California issued a writ of habeas corpus *ad prosequendum* requiring Reyes to be produced in federal court on September 22, 2005. Doc. 13-3, pp. 45-47 (Petition and Writ of Habeas Corpus Ad Prosequendum).  On September 25, 2005, while in federal custody on the writ, Reyes was paroled from his state sentences. Doc. 13-3, p. 35.

On November 12, 2008, Reyes was sentenced in the Northern District of California to 192 months of imprisonment and 10 years of supervised release. Doc. 13-3, pp. 52-54 (Judgment in Criminal Case, Case No. CR-05-00516-003 JF). The sentence was amended on July 22, 2010 to reduce the term of supervised release from ten years to five years. Doc. 13-3, pp. 62-64 (Amended Judgment in a Criminal Case, Case No. CR-05-00516-003 JF).

The BOP calculated Reyes's federal sentence as commencing on November 12, 2008, the date on which Reyes was sentenced in federal court. Doc. 13-2, p. 6 (Public Information Inmate Data for Alfonso Cervantes Reyes); Doc. 13-3, p. 6, ¶ u. Reyes received prior custody credit for the 1143 days spent in custody between September 26, 2005 and November 11, 2008. Doc 13-3, p. 6, ¶ u; Doc. 13-3, p. 73 (Sentence Monitoring Computation Data); Doc. 13-2, p. 6 (Public Information Inmate Data for Alfonso Cervantes Reyes). If Reyes receives all available "Good Conduct Time" available to him, the BOP calculates his projected release date from his federal sentence to be September 4, 2019. Doc. 13-2, p. 6; Doc. 13-3, p. 6, ¶ u; Doc. 13-3, p. 73.

### III. Jurisdiction

District courts have the authority to grant a writ of habeas corpus "within their respective jurisdictions." *28 U.S.C.A. § 2241(a).* A petition for a writ of habeas corpus that challenges a prisoner's present physical confinement under § 2241 is within a district court's "respective jurisdiction" if the court has personal jurisdiction over the prisoner's immediate custodian. *Braden v. 30th Judicial Cir. Ct. Ky.*, 410 U.S. 484, 495 (1973); *Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004). The prisoner's immediate custodian, and, therefore, the appropriate respondent pursuant to a petition under § 2241, is the warden of the facility in which the prisoner is incarcerated. *Padilla*, 542 U.S. at 447.

For a petition that challenges computation of a sentence, jurisdiction is proper only in the district of confinement. *Id*. at 443 and 447 (holding that, when a petitioner challenges his "present physical custody within the United States," he should file the petition in the district of confinement); *see also United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989)(holding that judicial review of computation and execution of sentence must be brought in the district of confinement). A court's jurisdiction is determined at the time the petition is filed in federal court. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(holding that under § 2254, Spencer was "in custody" because he was incarcerated when he filed the petition even though he was released before the court returned a decision); *see also Parks v. Williamson*, 2009 WL 302229, *3 (E.D. Ky. Feb. 6, 2009)(stating that it is a long-established concept that "determination of the proper respondent is made at the time when the petition is filed").

"A petitioner's post-filing transfer" to a facility outside the district in which the petition was filed does not destroy personal jurisdiction. *Banks v. U.S. Marshal*, 2013 WL 3458301, *2 (N.D. Ohio July 9, 2013)(citing *Padilla*, 542 U.S. at 436). Thus, if the court had jurisdiction over the petition when it was filed, it does not "lose jurisdiction" when the petitioner is transferred. *Bishop v. Medical Superintendent of Ionia State Hospital of State of Mich.*, 377 F.2d 467, 468 (6th Cir. 1967)(citing *Endo*, 323 U.S. 283, 306)(1944)).

Here, Reyes filed his petition on May 20, 2014, while he was in custody at NEOCC in Youngstown, Ohio. Doc. 1. The named Respondent, Michael Pugh, was the warden of NEOCC at the time the petition was filed; therefore, Pugh was Reyes's custodian. *See Padilla*, 542 U.S. at 447. This Court had jurisdiction over Reyes's custodian at the time the petition was filed and Reyes's subsequent transfer to a federal facility in Eden, Texas did not divest this Court of jurisdiction.

### IV. Exhaustion of Remedies

"It is well-established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241" even if it is not explicitly required by the statute. *Wesley v. John Lamanna,* 27 Fed. Appx. 438, 438-39 (6th Cir. 2001); *see also United States v. Singh*, 52 Fed. Appx. 711, 712 (6th Cir. 2002)(requiring petitioner to exhaust the available administrative remedies completely before petitioning the court for a review of the BOP's calculation)(citing *United States v. Westmoreland*, 974 F.2d 736, 737-38 (6th Cir. 1992)).

Here, Reyes asserts he has taken the appropriate steps to administratively exhaust and resolve his complaint regarding computation of his federal sentence. Doc. 1, p. 3; Doc. 9, pp. 16-17. Respondent does not challenge Reye's contention that he has exhausted his administrative remedies. Because failure to exhaust administrative remedies is not jurisdictional, and in light of Respondent's failure to raise exhaustion as an issue, the undersigned has not addressed the issue of exhaustion in further detail.

### V. Motion to Dismiss for Failure to State a Claim[2]

"[A] court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines a petition fails to establish adequate grounds for relief." *Banks v. U.S. Marshal*, 2013 WL 3458301, *2 (N.D. Ohio July 9, 2013) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *Allen v. Perini*, 26 Ohio Misc. 149 (6th Cir. 1970)). A court should not grant a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *See Strbac v. Sniezek*, 2007 WL 1544782, *2 (N.D. Ohio May 24, 2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)

---

[2] While Respondent's motion is not labeled as a Rule 12(b)(6) motion to dismiss for failure to state a claim, the last line of Respondent's Memorandum in Support of its Motion to Dismiss states, "The petition should be denied, because Petitioner has failed to demonstrate he is entitled to the relief requested." Doc. 13-1, p. 11. In light of the foregoing, the undersigned considers Respondent's motion a request for dismissal for failure to state a claim.

7

when considering a motion to dismiss a § 2241 petition). When considering a motion to dismiss, a court should accept all "well-pleaded allegations" as true and should construe the facts in a light that is most favorable to the non-movant. *Strbac*, 2007 WL 1544782, *2 (citing *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993)). A court is not, however, required to "accept as true legal conclusions or unwarranted factual inferences." *Id.*; *see also Carter v. Shartle*, 2012 WL 6682119, *3 (N.D. Ohio Oct. 15, 2012), *report and recommendation adopted*, 2012 WL 6681775 (N.D Ohio Dec. 20, 2012).

In order to survive a motion to dismiss, the factual allegations in the petition, accepted as true, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In addition to considering the allegations set forth in the complaint, a court may review "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## VI. Law and Analysis

### A. Habeas Corpus Petitions Under 28 U.S.C. § 2241

Under 28 U.S.C. § 2241, a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States." A petition for a writ of habeas corpus pursuant to 28 USC § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893

(6th Cir. 1991)).  The authority to implement a federal sentence of imprisonment lies with the Attorney General through the BOP.  *United States v. Wilson*, 503 U.S. 329, 331 (1992).  The general rule is that the Attorney General through the BOP alone has the authority to determine if a defendant is eligible for credit for time served in detention prior to sentencing. *Wilson*, 503 U.S. at 335.

Under § 2241, however, the district court may grant relief to a petitioner challenging the computation of his sentence.  *Foster v. Zych*, 2009 WL 3631013, *2 (E.D. Mich. Oct. 30, 2009)(*citing McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993)).  For the reasons set forth below, the undersigned concludes that the BOP's calculation of Reyes's sentence is reasonable and accurate and its determination that the time Reyes spent in state custody from January 10, 2005, until September 25, 2005, was credited to Reyes's state sentences cannot be reasonably construed as a violation of § 2241.  *See e.g.*, *Strbac*, 2007 WL 1544782 (granting motion to dismiss § 2241); *Carter*, 2012 WL 6682119 (same).  Accordingly, Respondent's Motion to Dismiss should be **GRANTED**.

**B.  Sentence Calculation Under 18 U.S.C. § 3585**

18 U.S.C. § 3585 governs the BOP's calculation of terms of imprisonment.  It provides that:

> a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>> a.  As a result of the offense for which the sentence was imposed; or
>> b.  As a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> ***that has not been credited against another sentence***.

9

18 U.S.C. § 3585. (emphasis supplied). In interpreting this statute, deference should be given to the BOP's reasonable interpretation of the statute as the agency that is charged with administering it. *Reno v. Korary*, 515 U.S. 50, 61-62 (1995); *see also Similien v. U.S.*, 2007 WL 496637, * 1 (N.D. Ohio Feb. 8, 2007)(adopting United States Magistrate Judge's report and recommendation indicating that "the Supreme Court 'has given deference to BOP interpretation of sentence administration statutes noting that the BOP is the agency charged with administering 18 U.S.C. § 3585(b))'")(relying on *Reno*, 515 U.S. at 60). As discussed more fully below, it appears beyond doubt that the BOP accurately calculated Reyes's federal sentence commencement and duration in accordance with 18 U.S.C. § 3585 and that Reyes is not entitled to receive credit against his federal sentence because the time Reyes spent in state custody from January 10, 2005, until September 25, 2005, was credited against his state sentences.

1. **Commencement – 18 U.S.C. § 3585(a)**

A prisoner's federal sentence commences on the date on which he arrives at or "is received in custody awaiting transportation to" the facility in which the sentence is to be served. 18 U.S.C. § 3585(a). Generally, if the prisoner is not subject to any other federal sentences and is in the exclusive custody of federal agents when the sentence is imposed, the commencement date is the date sentence is imposed. Doc. 13-3, p. 77 (U.S. Department of Justice Federal Bureau of Prisons, Sentence Computation Manual).

Here, the BOP determined that Reyes's federal sentence commenced on November 12, 2008, the date on which his sentence was imposed in the Northern District of California. See Doc. 13-2, p. 6 (Public Information Inmate Data); Doc. 13-3, pp. 52-54 (Judgment in Criminal Case, Case No. CR-05-00516-003 JF). Reyes does not suggest an alternative commencement date. As deference is due the BOP's determination, the Court finds that the BOP properly

calculated Reyes's federal sentence commencement date as November 12, 2008. See *Reno*, 515 U.S. at 61-62.

Thus, the only remaining issue is whether the BOP properly determined that, under 18 U.S.C. § 3585(b), Reyes was not entitled to credit against his federal sentence for the time that he spent in state custody from January 10, 2005, through September 25, 2005.[3]

### 2. Prior Custody Credit – 18 U.S.C. § 3585(b)

Reyes has failed to demonstrate that the BOP improperly calculated his federal sentence. As provided for in 18 U.S.C. § 3583(b), time spent in custody before the federal sentence commences should be credited toward the federal sentence only if it has not been credited against another sentence. 18 U.S.C. § 3585(b). Here, Respondent contends that "the period of time [Reyes] seeks to have credited against his federal sentence was credited against his state probation violator term," and therefore, it cannot be credited against his federal sentence as well. Doc. 13-1, p. 9; see also 18 U.S.C. § 3585(b).

Reyes does not dispute that the time he spent in state custody was credited against his state sentences. See Doc. 9-5, p. 1 (Central Office Administrative Remedy Appeal wherein Reyes acknowledged that state custody time for which he was seeking credit against his federal sentence had been credited to his state sentence). Moreover, the record supports the Respondent's contention that Reyes received credit for the time that he spent in state custody between January 10, 2005 (the date he was arrested), and March 2, 2005, (the date on which his probation was revoked). Doc. 13-3, p. 70 (Facsimile transaction between Angelicia M. Holland

---

[3] Once Reyes was paroled from his state sentences, the only reason that he was in custody was that he was facing federal charges in the Northern District of California. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)(holding that petitioner's "release on parole from state charges essentially put him in exclusive federal custody" because he was in custody "only because he was awaiting federal sentence). Therefore, when Reyes was sentenced on the federal charges, the BOP credited his federal sentence with 1143 days — September 26, 2005, through November 11, 2008— the time Reyes spent in federal custody awaiting federal sentencing after being paroled from state custody. Doc. 13-2, p. 6.

11

and Diane Jimenez of the California Parole Case Records Department signed by Ms. Jimenez stating that all time served in County Jail between January 10, 2005, and March 2, 2005, has been credited).  Furthermore, on March 2, 2005, Reyes's probation in state Cases BB256262 and BB300972 was revoked, and he was sentenced to 16 months of imprisonment. Doc. 13-3, pp. 17, 20.  Then, on March 3, 2005, Reyes was sentenced to 30 days in jail in addition to one year in jail in connection with Santa Clara Superior Court Case Number CC578013. Doc. 13-3, p. 5, ¶ k. Accordingly, from January 1, 2005, until Reyes was paroled from his state sentences to federal authorities on September 25, 2005, the time Reyes spent in state custody was the result of state offenses and credited against his state sentences.  Thus, the BOP properly determined that credit was not due against Reyes's federal sentence for that period of time because it had been credited to another sentence(s).

To the extent that Reyes alleges that his state and federal offenses are so interrelated that it would be a violation of the Double Jeopardy clause to punish him separately for each crime, his contention is meritless.  The Double Jeopardy Clause protects an offender from being "twice put in jeopardy of life or limb" in connection with one offense. U.S. Const. amend. V.  Among the situations to which this protection is applicable is one in which a defendant may be subject to multiple punishments for one offense. See *Richards v. Scutt*, 2012 WL 234864, *7 (E.D. Mich. Jan. 4, 2012), *report and recommendation adopted*, 2012 WL 220213 (E.D. Mich. Jan. 14, 2012); *Gray v. Curtin*, 2013 WL 6327824, *12 (W.D. Michigan Dec. 5, 2013); *Chapman v. Woods*, 2013 WL 1629205, *5 (E.D. Michigan April 16, 2013) (all citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Here, however, the state offenses and the federal offense are separate offenses based on separate conduct.  Reyes was sentenced to concurrent state prison terms of 16 months for

violating several terms of his state probation throughout 2004 and early 2005. *See generally* Doc. 9-2, Doc. 9-3. In contrast, Reyes's term of imprisonment imposed by the federal court is the result of an August 2005 indictment for Conspiracy to Distribute 50 grams or more of Methamphetamine in violation of 21 U.S.C. 846 and 841(b)(1)(A)(viii) and Distribution of 50 grams or more of Methamphetamine in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(viii). Doc. 13-3, p. 38. The federal offense is completely separate from the state offenses and therefore punishment for both the probation violation and the separate federal offense does not amount to a violation of Double Jeopardy.[4]

---

[4] While Reyes contends that, had the DEA not informed his state probation officer or state court about the pending federal drug investigation, the state court would have continued his state probation rather than impose concurrent 16-month state prison terms, the records Reyes submitted do not support such a claim. For example, as documented in a record submitted by Reyes, entitled "Petition for Modification of Terms of Probation," Reyes was alleged to have violated his terms of probation for multiple reasons, including a new violation of state law. Doc. 9-2, pp. 2-3; Doc. 9-3, pp. 3-6. Further, the record shows that Reyes admitted to the probation violations, and the Court then proceeded to sentence him on the violations to concurrent terms of 16 months in prison. Doc. 13-3, pp. 17, 20. Therefore, Reyes has failed to demonstrate that, but for the involvement of the DEA and the state court's consideration of the federal offense, Reyes would not have been in state custody prior to September 25, 2005.

### VII. Conclusion & Recommendation

For the reasons discussed herein, the undersigned concludes that it appears beyond doubt that the BOP accurately calculated Reyes's federal sentence and properly denied Reyes credit under 18 U.S.C. § 3585 for the time he spent in state custody from January 10, 2005, through September 25, 2005, because that time was credited to his state sentences. Further, to the extent that Reyes contends that his state sentences and federal sentences amount to double punishment under the Double Jeopardy Clause, the undersigned finds no merit to that claim. Accordingly, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 13) and **DISMISS** Reyes's Petition.

Dated: July 15, 2015

Kathleen B. Burke
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986)